**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Plexus Worldwide LLC, | No. CV-14-02093-PHX-ROS |
| Plaintiff, | **AMENDED ORDER** |
| v. | (amended re document number reference) |
| TruVision Health LLC, | |
| Defendant. | |

Before the Court is Plaintiff's motion to conduct jurisdictional discovery. (**Doc. 14**). The motion was filed in response to Defendant's motion to remand for lack of personal jurisdiction. (Doc. 9).

### BACKGROUND

Plexus Worldwide LLC ("Plexus") is an Arizona health and nutrition company which sells products through a network of independent sales distributors, called "Ambassadors." In their contracts with Plexus, Ambassadors agree not to recruit other Ambassadors for a period of one year after leaving Plexus. In September 2014, Plexus filed a complaint in Maricopa Superior Court against Defendant TruVision Health LLC ("TruVision"), a Utah company, alleging tortious interference with contractual relations. Specifically, Plexus alleged TruVision was interfering with the non-solicitation and anti-piracy provisions of Plexus's contracts with its Ambassadors. Plexus claimed certain Ambassadors had left the company, joined TruVision, and, with TruVision's support, were improperly soliciting other Ambassadors to leave Plexus and join TruVision.

TruVision has moved to dismiss for lack of personal jurisdiction. In support of its motion, TruVision asserts "[t]he only tangential contact [TruVision] has with Arizona is that it ships approximately 1 % of its products to independent distributors who reside in Arizona" and "[those] independent distributors are independent contractors who are not agents of the company." (Doc. 9-1 at 2). Plexus states it "has received information that TruVision's founders have offered products to current Plexus Worldwide Ambassadors at the request of a former Plexus Worldwide Ambassador." (Doc. 18-1).[1] According to an employee affidavit, "[s]everal former Plexus Worldwide Ambassadors are now distributors for TruVision[, and a]t least three of these individuals currently live in Arizona."[2] *Id.*

In response to TruVision's motion, Plexus is seeking jurisdictional discovery "regarding [TruVision's] communications with former Plexus Ambassadors who have joined TruVision, and . . . to determine the extent of TruVision's knowledge and actions with respect to Plexus Worldwide and its Ambassadors." (Doc. 14 at 3-4).

**I. Jurisdictional Discovery and Personal Jurisdiction**

In the context of a motion to dismiss for lack of personal jurisdiction where there has been no jurisdictional discovery, "the plaintiff need only make a 'prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 671-72 (9th Cir. 2012) (citation omitted). A prima facie showing consists of "demonstrate[ing] facts that if true would support jurisdiction over the defendant." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). "Where not directly controverted, plaintiff's version of the facts is taken as true . . . [and] conflicts between the facts contained in the parties' affidavits must be resolved in

---

[1] For example, Plexus employee Serena Molangi's ("Molangi") sworn statement states Patty Swan, a former Plexus Ambassador, encouraged Anna Maldonado ("Maldonado"), a current Plexus Ambassador, to join TruVision and arranged a meeting between Maldonado and TruVision's founders. *Id.* In addition, Molangi states, during a phone conversation that took place while Molangi was in Arizona, a TruVision employee told Molangi how she could secretly recruit others to join TruVision while employed at Plexus. *Id.*

[2] The affidavit names these individuals and their towns of residence in Arizona.

[plaintiffs'] favor." *Id.* at 922 (internal quotation marks and citations omitted); *see also Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) ("[Courts] may not assume the truth of allegations in a pleading which are contradicted by affidavit. . ., but we resolve factual disputes in the plaintiff's favor.") (internal quotation marks and citations omitted)).

"[Jurisdictional d]iscovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (quoting *Data Disc, Inc. v. Systems Tech. Assoc., Inc.,* 557 F.2d 1280, 1285 n. 1 (9th Cir. 1977). "[T]he party seeking discovery bears the burden of showing that the denial of discovery results in actual and substantial prejudice to it." *Twentieth Century Fox Int'l Corp. v. Scriba*, 385 F. App'x 651, 652 (9th Cir. 2010).

TruVision denies the allegations in Plexus's complaint and subsequent affidavits. It maintains the minimal contact it has (1% of its business) with Arizona through its distributor network is incidental, not intentionally targeted or expressly aimed at the state. "Aside from associates who contact TruVision through its website," the company maintains, "TruVision associates are exclusively signed up by other associates, and not directly by TruVision." (Doc. 17-1). Plexus identifies three former Ambassadors who now work for TruVision and currently live in Arizona, and specifically names one former Ambassador who recruited a current Ambassador, but does not list the location in which that recruitment allegedly occurred. (Doc. 18-1). None of this constitutes direct evidence of the allegations in the complaint. If those allegations are true, that is, if TruVision is engaging in a targeted campaign to use former Ambassadors to recruit current Ambassadors, the Court *may* have personal jurisdiction over TruVision. But the answer to that question depends on the particular facts Plexus is able to uncover about TruVision's intentional contact with Arizona.

The overarching principle guiding analysis of personal jurisdiction is "whether the defendant's conduct connects him to the forum in a meaningful way" such that it would

be fair to call the defendant into court in that forum. *Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014). The focus of the inquiry is "the relationship among the defendant, the forum, and the litigation." *Id.* at 1121 (internal quotation marks and citations omitted).

> [T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him. . . . Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the "random, fortuitous, or attenuated" contacts he makes by interacting with other persons affiliated with the State."

*Id.* at 1122 (citations omitted).

To establish personal jurisdiction for intentional torts, parties must satisfy the "effects test": the defendant must have "(1) committed an intentional act, which was (2) *expressly aimed* at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) (emphasis added). In *Xcentric Ventures, LLC v. Bird*, this Court determined—in the context of a defamatory internet posting—knowledge of the victim's residence combined with an intentional tort did not satisfy the express aiming requirement. 683 F. Supp. 2d 1068, 1074 (D. Ariz. 2010). "[S]omething more" was required. *Id.* That conclusion has been bolstered by the Supreme Court's recent decision in *Walden v. Fiore*. 134 S. Ct. 1115, 1122 (2014).

In *Walden*, a government agent seized funds from a couple in a Georgia airport as they boarded a plane to Nevada, where they lived. Once in Nevada, the couple demanded the funds be returned and, when they were not, filed suit in federal district court in Nevada. The Court applied the "effects test" and concluded:

> Petitioner's actions in Georgia did not create sufficient contacts with Nevada simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections. Such reasoning improperly attributes a plaintiff's forum connections to the defendant and makes those connections "decisive" in the jurisdictional analysis. It also obscures the reality that none of petitioner's challenged conduct had anything to do with Nevada itself.

*Id.* at 1125 (citations omitted).[3] In addition to holding that a plaintiff's contacts could not be attributed to a defendant for purposes of jurisdiction, the Court held jurisdiction could not be based *only* on a defendant's contact with the plaintiff *nor* only on the defendant's contact with other third parties who reside in the state. *Id.* at 1122. Instead, the defendant's contacts must be with the forum State itself. *Id.*

By way of example the Court explained, "reach[ing] beyond [one's] State into another by, for example, entering a contractual relationship that 'envisioned *continuing* and *wide-reaching* contacts' in the forum State . . . or [] circulating magazines to 'deliberately exploit[t]' a market in the forum State . . . [or] physical entry into the State—either by the defendant in person or through an agent, goods, mail, or some other means"[4] could confer jurisdiction. *Id.* (emphasis added).

District court decisions post-*Walden* have recognized the higher bar for plaintiffs attempting to prove personal jurisdiction. *See, e.g.*, *Premier Funding Grp. LLC v. Aviva Life & Annuity Co.*, No. CV-14-01633-PHX-DGC, 2014 WL 6885732, at *4 (D. Ariz. Dec. 8, 2014) ("The Ninth Circuit has stated [in the context of specific personal jurisdiction] that the express aiming 'requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.' *Bancroft,* 223 F.3d at 1087; *see also Wash. Shoe,* 704 F.3d at 675. But this reasoning is not consistent with the Supreme Court's recent decision in *Walden.*"); *Morrill v. Scott Fin. Corp.*, No. 2:14-CV-0922-HRH, 2014 WL 4854783, at *5 (D. Ariz. Sept. 30, 2014) ("[T]he Supreme Court recently clarified that the plaintiff cannot be the only link between the defendant and the forum, but rather 'the defendant's suit-related conduct must create a substantial connection with the forum

---

[3] The Court continued: "Respondents [] lacked access to their funds in Nevada not because anything independently occurred there, but because Nevada is where respondents *chose* to be at a time when they desired to use the funds seized by petitioner. Respondents would have experienced this same lack of access in California, Mississippi, or wherever else they might have traveled and found themselves wanting more money than they had." *Id.* (emphasis added).

[4] The Court noted, however, that it would "leave questions about virtual contacts [i.e. contacts made through the internet] for another day." *Id.* at1125 n. 9.

State.'").

At this point, the Court will not prejudge, but will allow limited discovery. If, in addition to knowingly causing injury to Plexus in Arizona, Plexus can show TruVision took action establishing or aiming to establish continuing and wide-reaching contacts with Arizona, personal jurisdiction will have been established. A more satisfactory showing of facts is necessary before the Court can determine jurisdiction. Therefore, the motion to conduct limited jurisdictional discovery will be granted.

Accordingly,

**IT IS ORDERED** Plaintiff's motion to conduct jurisdictional discovery (**Doc. 14**) is **GRANTED.** Plaintiff has until March 27, 2015 to conduct discovery. Responses will be due 15 days after service of discovery requests. Discovery should be limited to information relevant to Defendant's jurisdictional contacts in accordance with this order.

**IT IS FURTHER ORDERED** Defendant's motion to dismiss (Doc. 9) is **STAYED UNTIL THE COMPLETION OF JURISDICTIONAL DISCOVERY.**

**IT IS FURTHER ORDERED** at the completion of discovery, Plaintiff shall file an amended response to Defendant's motion to dismiss no later than April 3, 2015. Defendant shall file an amended reply no later than April 10, 2015.

Dated this 5th day of February, 2015.

Honorable Roslyn O. Silver
Senior United States District Judge

- 6 -